UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:15-cr-0153-SEB-TAB |
| | ) | |
| WILLIAM DAVENPORT, | ) | - 06 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petitions") filed on April 14, and May 3, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on May 10, 2021, January 6 and 12, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On May 10, 2021, January 6 and 12, 2022, defendant William Davenport appeared in person with his appointed counsel, William Dazey.  The government appeared by Michelle Brady, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The court advised Mr. Davenport of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Davenport questions to ensure that he had the ability to understand the proceedings and his rights.

2.  A copy of the Petition was provided to Mr. Davenport and his counsel, who informed the court they had reviewed the Petition and that Mr. Davenport understood the violations alleged. Mr. Davenport waived further reading of the Petition.

3.  The court advised Mr. Davenport of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Davenport was advised of the rights he would have at a preliminary hearing. Mr. Davenport stated that he wished to waive his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4.  Mr. Davenport, by counsel, stipulated that he committed Violation Number 1 (in part) set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not commit another federal, state, or local crime."** |
|  | On April 8, 2021, the offender was arrested under cause number 49D23-2104-F6-010730 in Marion County, Indiana. He was charged with Dealing in Marijuana, felony; Possession of Marijuana (with a prior drug offense conviction), felony; Driving While Suspended, misdemeanor; and Failure to Signal for Turn or Lane Change, infraction. |

> According to the Probable Cause Affidavit, the offender was stopped by an officer from the Indianapolis Metropolitan Police Department for a traffic violation. During the stop, it was determined his driver's license was suspended. Additionally, suspected marijuana was smelled. A probable cause search was conducted, and located in various places throughout the car was approximately 1/2 pound of marijuana, foil packages, and a digital scale. Additionally, Mr. Davenport had approximately $2,130 cash on his person. He admitted to the officer he was selling marijuana.

5. The Court placed Mr. Davenport under oath and directly inquired of Mr. Davenport whether he admitted violation number 1 of his supervised release set forth above to the extent of commission of the crime of possession. Mr. Davenport admitted the violations as set forth above to the extent of commission of the crime of possession.

6. Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

7. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade A violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Davenport's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of Mr. Davenport's supervised release, therefore, is 18 - 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

8. Counsel made arguments to the Court regarding an appropriate disposition.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, WILLIAM DAVENPORT, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED,** and he is sentenced to the custody of the Attorney General or his designee for a period of one (1) day with twenty-four (24) months of supervision to follow, with the first 90 days of supervised release to have the additional condition

of home detention with location monitoring.  In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.
   Justification: This condition is an administrative requirement of supervision.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.
   Justification: This condition is an administrative requirement of supervision.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.
   Justification: This condition is an administrative requirement of supervision.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.
   Justification: This condition is an administrative requirement of supervision.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.
   Justification: This condition is an administrative requirement of supervision.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.
   Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.
   Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.
   Justification: This condition will provide for public and officer safety.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.
   Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.
    Justification: This condition will ensure the defendant maintains gainful employment and reduce the risk of recidivism.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
    Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.
    Justification: This condition will reduce the risk to the community posed by the offense of conviction, as well as the offender's personal history and characteristics.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.
    Justification: This condition is an administrative requirement of supervision.

14. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.
    Justification: Due to the offender's history of substance abuse, this condition is meant to address the offender's treatment needs in the most efficient manner. If he tests positive for illegal drugs, a treatment condition will allow the probation officer to immediately refer him for treatment rather than waiting until his conditions can be modified.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.
    Justification: The defendant has used illegal substances and abused over the counter medication in the past. This condition will deter use of any controlled substances and assist in relapse prevention.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.
    Justification: This condition will allow the probation office to monitor the offender's sobriety and help ensure compliance with a drug-free lifestyle.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.
    Justification: Based on the nature of the offender's substance abuse history, this condition will deter any unlawful possession or use of psychoactive substances.

18. You shall pay the costs associated with the following imposed conditions of supervised release, to the extent you are financially able to pay: substance abuse treatment, substance abuse testing. The probation officer shall determine your ability to pay and any schedule of payment.
    Justification: This condition will require the offender to invest in his own rehabilitation.

19. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.
    Justification: A condition of financial disclosure will assist the probation officer in verifying the legitimacy and sources of the defendant's income.

20. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.
    Justification: This condition will reduce the risk to the community posed by the offense of conviction, as well as the offender's personal history and characteristics.

The foregoing conditions were reviewed by defendant with his attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.  In addition to the above-noted conditions, the following conditions was ordered:

21. You shall be monitored by Radio Frequency, GPS Monitoring, or Voice Recognition to be determined by the supervising officer for a period of 90 days, to commence as soon as practical, and shall abide by all the technology requirements. You will be restricted to your residence at all times except for employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court-ordered obligations, or other activities as pre-approved by the probation officer.

The Defendant is to be released pending the district court's action on this Report and Recommendation. USPO will notify Mr. Davenport of the date to report to the U.S. Marshal's Office to serve his one (1) day sentence.

Counsel for the parties and Mr. Davenport stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Davenport entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Davenport's supervised release, imposing a sentence of imprisonment of one (1) day with twenty-four (24) months of supervised release to follow. The

defendant is to be released pending the district court's action on this Report and Recommendation.

    IT IS SO RECOMMENDED.

Date: 1/18/2022

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system